CC· TO JUDGE ___ PM

The Honorable Robert S Lasnik

☑ FILED ___ ENTERED
___ LODGED ___ RECEIVED

DEC 20 2002 PM

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                      DEPUTY

CV 01-00727 #00000200

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ALLAN BERMAN, individually and as Personal Representative of the Estate of Kathryn Hamilton, <br><br> Plaintiff, <br><br> vs <br><br> THE FRED HUTCHINSON CANCER RESEARCH CENTER, DR WILLIAM BENSINGER; and DR FREDERICK APPLEBAUM, <br><br> Defendants | NO. C01-0727L <br><br> DECLARATION OF MICHAEL MADDEN IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE |

Pursuant to 28 U S C § 1746, MICHAEL MADDEN, declares as follows·

1   I am one of the attorneys for the defendants in this matter and have personal knowledge of the matters stated herein

2   Attached hereto as Exhibit 1 is a true and correct copy of the letter from the Massachusetts medical board to Dr Antman, dated December 10, 1998

DECLARATION OF
MICHAEL MADDEN - Page 1

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
999 Third Avenue, Suite 2150
Seattle, Washington 98104
(206) 622-5511

ORIGINAL

1      3    Attached hereto as Exhibit 2 is a true and correct copy of Dr. Antman's response to the medical board.

    4    I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this _____ day of December, 2002 at Seattle, Washington.

_____
MICHAEL MADDEN, WSBA #8747

w:\wdclient\0750\00007\mm221476.doc

DECLARATION OF MICHAEL MADDEN
- Page 2
NO C01-0727L

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P S.
999 Third Avenue Suite 2150
Seattle, Washington 98104
(206) 622-5511



# Commonwealth of Massachusetts
# Board of Registration in Medicine

10 West Street
Boston, Massachusetts 02111

(617) 727-3086
Fax (617) 451-9568
An Agency within the Office of Consumer Affairs and Business Regulation

**NISHAN J KECHEJIAN M D**
CHAIRMAN

**MARY ANNA SULLIVAN, M D**
SECRETARY

**ARNOLD S RELMAN M D**
BOARD MEMBER

**ALEXANDER F FLEMING**
EXECUTIVE DIRECTOR

**PENELOPE WELLS**
GENERAL COUNSEL

**PETER N MADRAS, M D**
BOARD MEMBER

**WALTER B PRINCE**
BOARD MEMBER

**RAFIK ATTIA, M D**
BOARD MEMBER

**PETER E GELHAAR**
BOARD MEMBER

REDACTED COPY

December 10, 1998

Karen H. Antman, M D.
Director of Medical Oncology
Columbia Cancer Center
M H B 6N-435
177 Ft Washington Avenue
New York, New York 10032

Re    Complainant
      Docket No.. 95-385

Dear Dr. Antman:

The Complaint Committee of the Board met in September 1997 and again on December 9, 1998 and discussed the above-mentioned complaint. The Committee decided that dismissal with a Letter of Concern would appropriately address the issues raised in the complaint.

The Committee is concerned about several issues that this complaint raises. The <u>first issue</u> is one of responsibility to patients and their families. The complainant feels that the patient was abandoned by you in a time of extreme need. There was a great deal of confusion on the part of the family and the STAMP team as to whom, in fact, was this patient's primary physician. In a specialty such as yours, where several physicians and other medical professionals share some responsibility for the patient, it is imperative that the family has one physician with whom they are familiar, and who will be responsive to their need for information.

EXHIBIT 1-1

The <u>second issue</u> is an apparent lack of empathetic communication with your patient and his family. It is a concern to the Committee members that what seems to be inadequate communication and an unfortunate degree of insensitivity on the part of the STAMP team created a major lack of confidence in the family that the proper medical decisions were being made. The Committee reminds you to be acutely aware that your role as a physician supersedes your role as a researcher.

The <u>final issue</u> of concern to the Committee members was the apparent lack of STAMP Attending coverage for the final night of the patient's hospital admission. While the Committee realizes that you were not on call that night, you were the only STAMP Team physician that the House Officer was able to reach. The Committee feels that the more prudent course would have been to make yourself available to the physician who reached out to you for your knowledge and assistance.

Thank you for your cooperation in the investigation of this matter. The Committee appreciates the time and effort that you expended in preparing your response If you have any questions, please call Tricia Garison, R.N., Clinical Care Unit at (617) 727-1788, Ext. 378

Very truly yours,

Peter N Madras, M D.
Member, Complaint Committee

PNM/pcg

EXHIBIT 1-2

Karen Antman, M D
Wu Professor of Medicine
Chief, Division of Medical Oncology
Director, Herbert Irving Comprehensive Cancer Center

March 22, 1999

Peter N Madras, M D
Member, Complaint Committee
Board of Registration in Medicine
10 West St
Boston, MA  02111

Re: Complainant:
Docket No  95-385

Dear Dr Madias,

Thank you for your letter dated December 10, 1998  Because I take the issues you raised very seriously, I feel I would be remiss if I did not attempt to share some of my thoughts regarding them.

With respect to Issue No 1: I certainly agree that it is important for patients to have a familiar relationship with one particular physician who can be responsive to their needs  Unfortunately, because I knew I would be leaving Dana Farber Cancer Institute (DFCI) in the near future, I had to inform the _____ that I could not serve _____ in this capacity. His care was therefore managed by other Dana Farber physicians.

With respect to Issue No.2 : It is my experience that often, during times of significant trauma and personal crises, patients and their families misunderstand and misinterpret statements made by health care providers. It is my belief that this is what happened in this situation. I cannot imagine myself, nor any member of the STAMP Team, who have all had experience in dealing empathetically with numerous patients in situations similar to the _____, making the statements alleged by _____
Rather, it is likely that, due to the tremendous stress she was under at the time, that she misunderstood or

College of Physicians & Surgeons, Columbia University
MHB-6-435, 177 Ft. Washington Ave., New York, NY 10032
Phone (212) 305-8602 • Fax (212) 305-3035 • Email: kha4@columbia.edu
*An NCI Designated Comprehensive Cancer Center*

11/25/02  MON 14:01  [TX/RX NO 8863]

EXHIBIT 2-1

misinterpreted what was actually said to her   Often family members feel that in desperate situations, health care providers are not doing enough.          ; situation was particularly desperate, but we all did our very best in attempting to meet his needs as well as his family's and our other seriously ill patients and their families

As an example of how such a misunderstanding can occur, I refer you to ⁻                description of the situation in the cafeteria   I can understand why the          felt that I was unwilling to take the time to discuss '       condition   However neither lack of time nor lack of empathy were the reasons I did not discuss       condition with them   Rather, because of confidentiality restrictions, I was not permitted to discuss the details of         condition nor his treatment.  This was particularly true given the fact that I was not the doctor caring for         the conversation was initiated in a public place, and I was not familiar with the family members who were seeking the information   It was for these reasons that I referred        family to his treating physician

With respect to Issue No 3  I did in fact respond to the house officer's call on March 1   Not only did I confirm that he had instituted proper treatment, but I referred him to Dr Wheeler who was    nn's physician for the month for further questions.  In addition, I immediately went to the hospital and confirmed that Dr. Wheeler had been apprised of the situation and was handling it appropriately

          was a well-respected DFCI employee and was well regarded by all of us on the STAMP Team.  In fact, it was through her perseverance that we agreed, against well-known odds, to accept        into the protocol   We all wanted to help this very sick young man who had very limited options and we did all that we could to help him

Again, I want to reiterate the seriousness with which I take all these issues.  This letter is not intended to dispute your valid observations concerning the sensitivities which are required by all physicians in treating our patients, but merely as a conveyance of some additional thoughts that I wished to share with you in the hope that it would assist you in this difficult matter.  I recognize the significance of your and the Board's efforts in helping to ensure that the care we physicians give to our patients is the very best and I thank you for volunteering your valuable time to effectuate this purpose.  If I can be of any further assistance, please let me know.

Sincerely yours,

*[signature]*

Karen Antman, M.D

EXHIBIT 2-2